WILLIAM F. HILL, plaintiff in error, v. T. B. GOOLSBY, defendant in error.

(Atlanta, June Term, 1870.)

1. LANDLORD AND TENANT—RIGHT TO DISPUTE LANDLORD'S TITLE—ADMISSIBILITY OF TENANT'S DECLARATIONS.*—A tenant will not be permitted to dispute the title of his landlord. And after the relation of landlord and tenant is established, the tenant's sayings, while in possession of the premises rented, that he has purchased them from the landlord, are not admissible to prove a contract of purchase in defense of a suit brought by the landlord to recover rent for the use of the premises.

2. CHARGE OF COURT—GIVING PROMINENCE TO CERTAIN EVIDENCE—WHEN HARMLESS ERROR.—While this Court is not well satisfied with the charge of the Court below on the ground that in summing up the evidence to the jury, he put the testimony of the plaintiff more prominently before them than the defendant's side of the case, we will not order a new trial, as we are satisfied the verdict was right and that substantial justice has been done between the parties.

Use and Occupation. Before Judge Andrews. Wilkes Superior Court. February, 1870.

Goolsby sued Hill for $900 00 for the use and occupation of certain land during 1866, 1867, 1868.

That the land was Goolsby's, and that Hill had occupied

---

*See foot-note to Gleaton v. Gleaton, 37 Ga. 651.

it during 1864 and 1865 as Goolsby's tenant, and had occupied it during 1866, 1867 and 1868, was not controverted. Nor was there any controversy as to the value of the premises for rent, such as is important here.

Hill's defense was that Goolsby had sold him the land in the latter part of 1865, and that since then he occupied as purchaser. As to this, the evidence was substantially as follows: Hill agreed to pay Goolsby forty bales of cotton, and *Goolsby agreed to make him title to the land when the cotton was paid. This contract was reduced to writing, and left with a third party, with the understanding that the parties would meet next morning, each would stamp his part of the contract, and deliver the papers. Hill the next morning, before the exchange of papers, went to said third party and notified him not to deliver his bond, saying he would not be bound thereby. The papers were never delivered. Hill remained in possession, Goolsby dunned him for payment of the cotton, never for rent, and Goolsby spoke of him as having bought his land and refusing to pay for it. At the end of 1868 Hill abandoned the premises and Goolsby retook possession. Hill's counsel, not content with what he testified to as to the character in which he held the premises, sought to prove by others that Hill said while in possession, but in the absence of Goolsby, that he was in as purchaser. This evidence was rejected. It was admitted that Hill had paid nothing on the purchase set up, not had paid any rent for said three years. The written papers were not introduced as evidence.

The Court charged the jury that if Hill voluntarily abandoned the land, without giving Goolsby notice or requiring him to make the title at the end of said three years, and without paying for the land, he might be held liable for rent. If Hill went to said third party the morning after the papers were signed and told him he would no longer be bound by the contract, that was conduct from which the jury might infer a rescision of the contract of purchase, and that he afterwards held as tenant of Goolsby, and became liable to pay rent.

The jury found for plaintiff for $750 00 and costs. Hill moved for a new trial. upon the ground that the Court erred in rejecting his said sayings, and in each part of said charge, and because the verdict was contrary to law and evidence. The Court refused a new trial, and that is assigned as error on said grounds.

John C. Reed, for plaintiff in error.
*J. D. Matthews, for defendant.

By the Court—BROWN, C. J., delivering the opinion.

The evidence was in conflict in this case, on the question whether Hill, the defendant, held the premises for the three years for which rent was claimed as tenant, or whether he held under a contract of purchase. As the jury found for the plaintiff,

we see no reason for setting aside the verdict, unless it is necessary to do so on account of some material error committed by the Court on the trial, affecting the rights of the defendant.

The first ground of error assigned, is the refusal of the Court to permit the sayings of Hill, the defendant, while he was in possession of the premises, to go to the jury, to show that he held under a contract of purchase, and not as tenant. We see no error in this. The record shows that immediately before the three years in question, Hill occupied the place as tenant of Goolsby, the plaintiff, and it is not pretended that he had left the possession of the premises, but it is very evident that the possession was continued. The legal presumption is, therefore, that the relation of landlord and tenant till existed, and that the tenancy continued from year to year. And if Hill, the defendant, claimed that the relation had ceased, and that he held as purchaser, and not as tenant, the burden was upon him to prove the contract of purchase by satisfactory evidence. And we hold that his own sayings, while in possession of the premises, which he had rented from the plaintiff, were inadmissible as evidence to establish that fact. The well known rule of law applies, that the tenant shall not dispute the title of his landlord. And, as the presumption of law was, till the contrary was shown, that Hill was Goolsby's tenant, he can not establish the change of the relation to that of purchaser by his own sayings made in the absence of the plaintiff.

2. We are not well satisfied with the charge of the Court below to the jury. Too much prominence is given to certain parts of plaintiff's evidence, while the defendant's evidence *in conflict with it is kept in the background. If the justice and equity of the finding were doubtful, we should feel it our duty to grant a new trial on this ground. But we are fully satisfied that substantial justice is done between the parties. Hill had the use of Goolsby's plantation for three years, for which he does not pretend he has paid him a single dollar. The jury have found that he pay the value of the premises for the time he used them. He objects because the proceeding is against him as tenant and not as purchaser.

The evidence against the purchase seems to preponderate. Indeed, Mr. Hill himself, when upon the stand as a witness, did not pretend to say that there was in fact a written contract of purchase. If the writings, placed in the hands of a third person, had been executed by delivering and placing upon them the proper stamps, why did he not produce them? If they were in his possession it was easy for him to do so. If in the possession of the other party he could have compelled their production by the proper notice. And if still in the hands of the third party, they could have been brought in by a subpœna duces tecum. No effort is made by the defend-

ant to produce this highest and best evidence, which would have established his theory of the case, if it ever had a legal existence. He says plaintiff treated him as a purchaser, and asked him for the payment; but he does not say the written contract for the purchase was fully executed and delivered, or that he considered himself bound by it.

Judgment affirmed.