## MOSS & COMPANY *v.* FORTSON.

The declaration, even if treated as a suit for a breach of contract, set forth a general cause of action, and was therefore sufficient to support a verdict in the plaintiff's favor. If it insufficiently stated the elements of the damages alleged, its defects in this respect could have been reached by a special demurrer, and would have been curable by amendment. This being so, and the only error assigned being the overruling of a motion in arrest of judgment, no cause for a reversal is shown.

August 18, 1896.

Action for damages. Before Judge Cobb. City court of Athens. September term, 1895.

Thomas E. Fortson brought his action against R. L. Moss & Co., to which defendants demurred on the ground that the declaration attempted to unite in one cause of action a tort and a contract. Thereupon plaintiff amended his petition by striking the 9th paragraph which he alleged

was the only portion of the same which sought to recover for a breach of contract. The plaintiff obtained a verdict, and defendants moved in arrest of judgment, on the grounds, (1) that the declaration does not set out a cause of action, and (2) that the declaration discloses that the suit, while being nominated one for damage, is really for a breach of contract, without any allegation of special damage flowing therefrom. This motion was overruled, and defendants excepted. The petition alleges, that defendants have injured and damaged plaintiff in the sum of $5,000, for that on September 12, 1893, defendants, desiring an agent at Washington for the purpose of buying cotton for them, proposed to petitioner in writing: "If you will buy for us exclusively during the continuance of this arrangement, which can be cancelled upon two days notice by either party, we will wire you our limits each morning, until changed or cancelled, allowing you a commission of twenty-five cents per bale on all cottons reported and shipped on these limits. We will quote you on a basis of Liverpool good middling, and will use Shepperson's code of 1881. We will have you to ship all cotton to us at Athens by local freight." Plaintiff accepted this contract and requested defendants to notify the bank at Washington that they would pay all sight drafts drawn upon them by him with bill of lading attached, which they did in writing on September 16, 1893. At that time, and for many years before, plaintiff had been engaged in the business of cotton buying, and had built up a business of the value of over $1,000 a year. His means were very limited, and he was enabled to carry on his business solely by reason of the confidence reposed in him by the banks and warehouses in Washington; which facts were well known to defendants. As soon as said negotiations were completed, plaintiff entered upon his duties as agent of defendants, and commenced to buy and ship cotton for them at Washington according to the terms of the contract, paying therefor by

sight drafts upon defendants with bill of lading attached.
The business was carried on as agreed until October 27,
1893, when defendants, without notice to plaintiff and in
violation of the contract, refused to pay two drafts drawn
by him on them with bill of lading attached, for cotton
bought by him for them at Washington and shipped as per
contract, one being for $1,081 in favor of the Dublin Ware-
house Co., and the other for $605 in favor of Boyce Fick-
lin, cashier, both of which were negotiated at the bank in
Washington.   Both were protested for non-payment, and
defendants wilfully refused to recognize or pay them,
though properly demanded so to do, and though they were
drawn by plaintiff under the terms of the contract.   Said
conduct was a fraud on plaintiff, and a wilful violation of
the contract; and the effect of it was to destroy and utterly
ruin plaintiff's business as a cotton buyer, and tended to
mortify and disgrace him as a business man, and to destroy
the confidence heretofore and at said time existing in him
among the banks and warehouses of Washington; and all
these things were well known to defendants at said time.
On account of said fraudulent and illegal conduct on the
part of defendants, plaintiff has been forced to abandon his
business of buying cotton and to engage in other business
which is far less remunerative.   The 9th paragraph of the
petition was in these words:   "And your petitioner shows,
that under his contract with defendants, he bought and
shipped to them at Athens, Ga., before the breach of con-
tract as aforesaid, 395 bales of cotton for the purchase of
which, at 25 cents per bale, as per contract, he was entitled
to $98.75, which said sum said defendants fail and refuse
to pay, though often requested so to do."

   *John J. Strickland*, for plaintiffs in error.
   *Samuel H. Hardeman* and *Lumpkin & Burnett*, contra.

ATKINSON, Justice.

   Two causes of action were stated in the declaration before
the ninth paragraph was stricken by amendment.   That

paragraph declared upon an *assumpsit*. By it the plaintiff undertook to recover a sum certain alleged to be actually due for services performed at the request of the defendants. The major part of the declaration, however, is an action for damages alleged to have resulted to the plaintiff in consequence of a non-performance upon the part of the defendants of certain duties assumed by them in the execution of the agreement stated in the declaration. The declaration alleged the contract; alleged a duty to be owing from the defendants to the plaintiff; alleged the breach of the contract, and the resulting breach of this duty; and alleged general damages flowing to the plaintiff from such breach. It therefore contained a statement of a cause of action. If the elements of damage were not alleged in such manner as to enable the defendants intelligently to plead, the remedy was by special demurrer; but there being a cause of action stated in the declaration, it is sufficient to support a verdict founded thereon, and will prevail against a motion in arrest of judgment. See *Moss & Co.* v. *Stokeley*, 95 *Ga.* 675.                    *Judgment affirmed.*