### 7392. SOUTHERN RAILWAY COMPANY *v.* BLOCH.

BROYLES, J. 1. Whether goods shipped are delivered within a reasonable time is a question of fact for the jury, and depends on the facts of each case, including the usual and ordinary time required for carriage between the two points, the preparations made by the carrier, whether ample or not, its effort or lack of effort to properly dispatch the goods, the information given by the shipper to the carrier as to any special reasons for speedy transit and delivery, the character of the shipment, and kindred circumstances. *Columbus & Western Ry.* v. *Flournoy,* 75 *Ga.* 745 (2).

2. The suit in this case was for damage to the shipper caused by excessive loss in weight in a carload of green hides, the petition alleging that the hides lost 1,398 pounds in weight by reason of shrinkage caused by the drying of the hides in the course of transportation, and that this loss in weight was due to the negligent, unusual, and unnecessary delay of the carrier in transporting and delivering the shipment. The market value of the hides at the time it is alleged they should have been delivered at Louisville, Ky., was 15½ cents per pound, and their market value on the day they were actually delivered was the same per pound. The petition, in our judgment, set forth a cause of action, under section 2773 of the Civil Code, which provides that "where a carrier fails to deliver goods in a reasonable time, the measure of damages is the difference between the market value at the time and place they should have been delivered and the time of actual delivery." While it is shown that there was no difference between the value of the hides *per pound* at the time and place they should have been delivered and the time of actual delivery, *it is shown that there was a difference between the total market value of the hides themselves,* they having lost 1,398 pounds in weight after their delivery to the carrier for shipment, and before their delivery to the consignee. There was no error in overruling the general and special grounds of the demurrer. This ruling is not in conflict with the decision in *Brown* v. *Clayton,* 12 *Ga.* 565 (12), cited by counsel for the plaintiff in error; for the holding there was that a carrier is not liable for any deterioration of goods arising from causes

inherent in the goods themselves, *when the carrier is free from all fault.*

3. The 4th, 5th, 6th, and 7th grounds of the motion for a new trial are merely amplifications of the general grounds.

4. The court did not err in refusing to permit certain witnesses for the defendant to testify as to what would be a reasonable time for the transit of like shipments between the two points in question, the defendant being allowed to introduce evidence as to the usual and customary time of such shipments between the two points.

5. There was some evidence which authorized the inference that the defendant's delay in delivering the shipment was unusual and unnecessary, and that this delay was responsible for the loss in weight of the hides shipped; and, the verdict of the jury having been approved by the trial judge, this court will not interfere. *Judgment affirmed.*

DECIDED NOVEMBER 16, 1916.

Action for damages; from municipal court of Macon—Judge Chambers. March 11, 1916.

*Harris, Harris & Witman, Mallary & Wimberly,* for plaintiff in error. *P. F. Brock,* contra.