### 9358. SOUTHERN RAILWAY COMPANY *v.* BUNCH.

BROYLES, P. J. 1. The original petition, construed (as it must be) most strongly against the pleader, is an action against the railway company to recover for an unlawful conversion of the plaintiff's property. The amendment allowed by the court, over the timely and appropriate objections of the defendant, changed the suit into one for damages for an unreasonable delay in delivering shipments. As this amendment introduced a new cause of action, the court erred in allowing it.

2. The error in allowing the amendment to the petition rendered the further proceedings in the case nugatory.

*Judgment reversed. Bloodworth and Harwell, JJ., concur.*

DECIDED MARCH 13, 1918.

Action for damages; from Richmond superior court—Judge H. C. Hammond. November 10, 1917.

The petition alleged, in substance, that certain boxes of toys shipped from Chicago in two separate shipments to the plaintiff

at Augusta, Georgia, and of which he was the owner, were received by the defendant as the last connecting carrier, and were held in the defendant's warehouse at Augusta for a long period without notice to him, although it was the custom at Augusta for railroad companies receiving freight to notify consignees immediately after its arrival; that after the arrival of this freight he was told repeatedly, in reply to inquiries, at the defendant's freight office and depot, that it had not arrived; that when finally notified of its arrival he complained to the defendant of the long delay in giving him notice, and that the goods were then valueless to him; and the defendant notified him that he could get the goods only by paying certain storage charges in addition to the freight; and after this notification as to the goods in the first shipment, they were held by the defendant for several months and were finally sent to a distant county, without notice to the plaintiff, and sold by the defendant for freight and storage charges. Paragraph 8 of the petition was as follows: "Petitioner alleges that he had no notice of the intended sale of said goods, nor was there any advertisement of the intended sale thereof in Richmond county. Petitioner alleges that the sale of said goods was illegal; that if defendant had any right at all to sell said goods it should have been done in Richmond county, where stored and where petitioner resides." As to the second shipment it was alleged, that the plaintiff agreed to pay the freight if the storage charges were remitted, that the defendant refused to remit these charges, and the plaintiff then refused to take the goods. Paragraph 10 was as follows: "Petitioner does not know what has become of said last shipment of goods, but alleges that both shipments of goods have been converted by the defendant and taken possession of unlawfully, on account of the reasons aforesaid, and especially that the storage charges were not correct and unreasonable, the same having been accumulated through the negligence of defendant." The petition concludes as follows: "By reason of the gross negligence of the defendant as aforesaid, petitioner has been damaged, without fault on his part, in the sum of $450;" wherefore he prays that process may issue, etc.

The allegations as to the first shipment were amended by adding that the plaintiff refused to accept the goods and pay the freight and storage thereon, as the goods were then valueless to him.

The allegations as to the second shipment were amended by adding that the plaintiff refused to accept the goods because they were then of no value to him, and refused to pay the storage charges because they were illegal; that the freight and storage charges amounted to more than the goods were worth at that time. The plaintiff further amended by striking paragraphs 8 and 10, quoted above, and by adding: "This action is for damages for unreasonable delay in delivering the goods aforesaid." The court allowed the amendments over the objection of the defendant that the plaintiff thereby undertook to change an action for conversion into an action for unreasonable delay, and thereby introduced a new cause of action. A demurrer to the petition as amended was overruled, and the defendant excepted, assigning error on each of the rulings stated.

*Cumming & Harper,* for plaintiff in error.

*Henry C. Roney,* contra.