10728.   SOUTHERN RAILWAY CO. *v.* BUNCH.

JENKINS, P. J.  The petition as amended alleges, in substance, that two separate shipments of toys were sent from Chicago to the owner at Augusta, Georgia; that the goods were received by the defendant company as the last connecting carrier, and were held in its warehouse at Augusta for a stated long and unreasonable period, without notice to him, although it was the custom at Augusta for railroad companies receiving freight to notify consignees immediately after its arrival; that he was an old citizen of Augusta and had been a merchant there for the past eighteen years, and his name and address were in the city directory, and the defendant knew, or by the exercise of ordinary care and diligence could have known, his address; that after the arrival of this freight he was told repeatedly, in reply to inquiries, at the defendant's freight office and depot, that it had not arrived; that he informed the defendant that one of the boxes of toys had been purchased by him for the Christmas trade; that when finally notified of its arrival he complained to the defendant of the long delay in giving him notice, and the defendant notified him that he could get the goods only by paying certain storage charges in addition to the freight.  The petition further alleges, as to the second shipment, that had the defendant given him prompt notice of the arrival of the goods, he could have disposed of them at a profit; that the goods contained in the first shipment were not salable by him except for the Christmas trade; that the goods in the last shipment could have been sold by him had they been promptly delivered, but not later; that because of the alleged unreasonable delay the plaintiff refused to accept the goods, as they were at that time

"valueless to him;" that the defendant was negligent because of the unreasonable delay in notifying him of the receipt of the goods, and not allowing him to receive his goods within a reasonable time after their arrival, and by reason thereof he was damaged in the sum of $450. To the petition as amended the defendant demurred, upon the ground that it failed to set out a cause of action, the trial court overruled the demurrer, and the defendant excepted. *Held*:

1. "The general rule is that the measure of damages for unreasonable delay by a common carrier in the delivery of goods shipped is the difference between their market value when they should have been delivered and their market value when they were delivered, with interest from the former date, less the freight, if unpaid" (*Southern Express Co.* v. *Hanaw*, 134 *Ga.* 445, 459, 67 S. E. 944, 137 Am. St. R. 227; Civil Code of 1910, § 2773; *Southern Railway Co.* v. *Bloch*, 18 *Ga.* App. 769, 90 S. E. 656); and in the absence of a special contract, this measure of damages by delay is exclusive. *Wilenski* v. *Central Railway Co.*, 136 *Ga.* 889, 893, (72 S. E. 418, Ann. Cas. 1912 D, 271); *Columbus & Western Railway* v. *Flournoy*, 75 *Ga.* 745. If the delivery of goods has been unreasonably delayed by the carrier, the owner must sue for the damages prescribed in section 2773 of the Civil Code, since mere unreasonable delay in transporting does not amount to conversion, so as to authorize the consignee, upon the arrival of the goods, to reject them and sue for their value on that theory. *Southern Express Co.*, v. *Hanaw*, supra; *Wilenski* v. *Central Railway Co.*, supra.

2. As held by this court in a former suit between the same parties respecting the same transaction (*Southern Railway Co.* v. *Bunch*, 22 *Ga.* App. 42, 95 S. E. 323), the suit as now brought is for damages for an unreasonable delay in delivering shipments, and not for a conversion. The petition having alleged the contract of carriage, the duty owing by the defendant to the plaintiff, the breach of the contract, and the resulting breach of duty, and alleging generally that the plaintiff was damaged in the sum of $450 by reason of such breach, it was sufficient to sustain at least a recovery for nominal damages, and the court did not err in overruling the general demurrer thereto. That the plaintiff went further and undertook specifically to state what would be erroneous elements of such damage, and how and wherein they accrued, was matter for special demurrer. *Moss* v. *Fortson*, 99 *Ga.* 496, 499 (27 S. E. 745); *Sutton* v. *Southern Railway Co.*, 101 *Ga.* 776 (29 S. E. 53); *Graham* v. *Macon, D. S. R. Co.*, 120 *Ga.* 757 (49 S. E. 75).

*Judgment affirmed. Stephens and Smith, JJ., concur.*

Decided March 11, 1920.

Action for damages; from Richmond superior court — Judge Henry C. Hammond. June 14, 1919.

*Cumming & Harper,* for plaintiff in error.

*Henry C. Roney,* contra.