## 14804. TICE COMPANY *et al. v.* EVANS.

1. The motion to dismiss the writ of error is overruled.
2. A cause of action was set out, and the general demurrer to the petition was properly overruled. Even where a petition sets forth two distinct causes of action and there is no special demurrer, it will not be dismissed on general demurrer. *Central of Ga. Ry. Co.* v. *Banks,* 128 *Ga.* 785 (58 S. E. 352).
3. The ground of the demurrer to paragraph 5 of the original petition, that it alleges that the plaintiff is to receive additional compensation

on "repeat orders," without putting the defendant on notice of how much additional compensation is claimed, is without merit, because the original contract, which is attached to and made a part of the petition, shows that the additional compensation to be paid is 2 per cent. on repeat orders within 90 days, and 1 per cent. during the following twelve months.

4. The alleged defects in paragraphs 7 and 8 of the petition, which are attacked by grounds 3, 4, 5, and 6 of the demurrer filed on March 14, 1921, are cured by amendments.

5. Ground 1 of the second demurrer (filed September 26, 1921), attacking paragraph 2 of the amendment filed the same date, is lacking in merit.

6. Grounds 2 and 3 of the second demurrer, each attacking paragraph 8 of the amendment filed September 26, 1921, are without merit, as the alleged immateriality and indefiniteness of this paragraph were cured by additional amendments to the paragraph.

7. Ground 4 of the second demurrer, which attacks paragraph 10 of the amendment filed September 26, 1921, is without merit. To this paragraph is attached a list of the orders given, and the paragraph shows that the original order given by Renfrew Manufacturing Company was accepted by the defendant, and alleges that Wentley, who gave the order, was the agent of the Renfrew Company; and, when read in connection with other portions of the petition, this paragraph is sufficiently specific in its allegations.

8. For no reason alleged did the court err in overruling ground 5 of the demurrer to paragraph 11 of the amendment of September 26, 1921. Moreover, this ground of the demurrer is itself subject to criticism, in that it fails to show the name of the party whose authority is questioned.

9. Grounds 6 to 38 inclusive (except ground 21) of the second demurrer are all directed against the amendment filed September 26, 1921, and are answered as far as necessary by an amendment filed in October, 1921. Ground 21 of the demurrer is directed against paragraph 23 of amendment, and is answered by the striking of paragraph 23 in a later amendment.

10. The third demurrer contains three grounds, each directed against paragraph 2 of the amendment filed on September 26, 1921, and all of them are without merit.

11. An additional demurrer to the petition was filed on May 15, 1922. This demurrer was to paragraph 8 of the amendment filed September 26, 1921. This paragraph, in connection with Exhibit B, referred to therein and in connection with other amendments to the petition, is sufficiently specific to withstand the demurrer.

12. The evidence of Higgenbotham, incorporated in ground 4 of the motion for a new trial, is in no sense newly discovered, and this ground shows no reason why a new trial should be granted.

(a) There is nothing in this ground of the motion which shows any legal reason for a continuance of the case.

13. Ground 5, which refers to the absence of Higgenbotham, is lacking in merit.

14. Under the particular facts of the case there is nothing in grounds 6 to 9 inclusive which would require the grant of a new trial.

15. Grounds 10 to 12 inclusive, 14 to 24 inclusive, 36 to 38 inclusive, 40, 44,

and 47 to 49 inclusive, in the light of the charge given and the facts of the case, are without merit.

16. "Under repeated rulings of this court and of the Supreme Court, each special ground of a motion for a new trial must be complete within itself; and when so incomplete as to require a reference to the brief of the evidence, or to some other portion of the record, in order to determine what was the alleged error and whether such error was material, the ground will not be considered by the reviewing court. *McCall* v. *State*, 23 *Ga. App.* 770 (99 S. E. 471); *Roddenberry Hardware Co.* v. *Merritt*, 17 *Ga. App.* 425 (87 S. E. 681), and citations." *Franklin* v. *State*, 28 *Ga. App.* 460 (1 *b*) (112 S. E. 170). Under the foregoing ruling grounds 39, 41, 42, 43, 45, 46, 50, 51, and 52 will not be considered.

17. A new trial will not be granted because of the alleged error in the charge of which complaint is made in ground 13.

18. In ground 25 it is alleged that the verdict is excessive because the $6.25 to be allowed the plaintiff on repeat orders should have included only repeat orders submitted within ninety days from the original order. This ground is without merit. The written contract as verbally modified and set up in the amendment to paragraph 5 of the petition eliminated this reference to ninety days or twelve months, and simply provided for a commission of $6.25 per pair of racks, for repeat orders.

19. "Rulings upon the sufficiency of pleadings are not proper subject matter for a motion for a new trial." *Coulson* v. *State*, 13 *Ga. App.* 148 (2), 150 (78 S. E. 1108), and citations. *Tompkins* v. *American Land Co.*, 139 *Ga.* 377 (2) (77 S. E. 623), and citations. Under the foregoing ruling grounds 26 to 35 inclusive are without merit.

20. There was no error in admitting the evidence complained of in ground 36, as this evidence was necessary in order to ascertain the amount of commissions due the plaintiff.

21. There is evidence to support the verdict against the J. T. Tice Company Incorporated.

DECIDED JUNE 10, 1924.

Breach of contract; from city court of LaGrange—Judge Duke Davis. April 3, 1923.

A. Y. Evans sued J. T. Tice Company and the J. T. Tice Company Incorporated for damages because of the breach of a contract, and for commissions due under the contract, on account of the sale of calendar racks to certain mills. The petition is as follows:

"The petition of A. Y. Evans, as plaintiff, against J. T. Tice Company, a company composed of J. T. Tice and R. J. Higgenbotham and the J. T. Tice Company Incorporated, a corporation duly incorporated and chartered under the laws of the State of Georgia, as defendants, respectfully shows:

"1.   That said defendant company is a resident of said county, and that J. T. Tice and R. J. Higgenbotham as principals of said

company are residents of said county and have been doing business under the name of the J. T. Tice Company.

"2. That the J. T. Tice Company Incorporated is a corporation duly incorporated and chartered under the State laws of Georgia, with its principal place of business and office in La-Grange, Troup county, Georgia.

"3. That on the — day of —, 1920, the said J. T. Tice Company was duly chartered and incorporated by the superior court of this said county at the February term of the City Court, and that the said J. T. Tice Company Incorporated on the day aforementioned absorbed and took over the said J. T. Tice Company and assumed all the said J. T. Tice Company's liabilities, assets, contracts, and business.

"4. That the said defendant company has injured and damaged your petitioner in the sum of $3,000.00, by reason of the following facts, to wit:

"5. That on the 17th day of September, 1919, your petitioner did enter into a contract with said company to act as their agent and salesman above the Mason and Dixon line, your petitioner to receive as compensation for his services thereunder 40% of net proceeds on all his sales of calendar racks made by him at any mill above the Mason and Dixon line, together with additional compensation for repeat orders.

"6. That in said contract, a copy of which is hereto attached and made a part of this petition and marked exhibit A, your petitioner faithfully performed his duties as set out in the contract.

"7. That defendant company has damaged your petitioner in the above-stated sum of $3,000.00 by not complying in good faith with their part of the contract, in that they were negligent in filling orders, that they turned out bad work, and made substitutions not called for in your petitioner's original orders, and in not shipping goods according to sample furnished your petitioner by defendant company to use in making sales.

"8. That by reason of the above your petitioner was unable to secure orders which otherwise he would have gotten, causing him the damage mentioned above in the above-stated sum.

"9. That said defendant company is indebted to your petitioner in the further sum of $5,691.98 under the statement of your petitioner of sales, commissions, and payments, copy of which state-

ment is hereto attached, made a part of this petition, and marked exhibit B.

"10. That this amount is due your petitioner, under the contract above mentioned and described as exhibit A, as commissions due him on sales enumerated in said statement.

"11. That your petitioner has made demand upon defendant's company for said sum, which demand has been refused, although the said sum is past due.

"Wherefore your petitioner prays judgment for the full sum of $3,000.00 damages, and the further sum of $5,691.98, with interest at 8% from date, under the above statement of facts, and also that said defendant company be required to appear personally or by attorney at the next term of said city court of LaGrange to answer your petitioner's complaint; and he will ever pray."

The contract attached to the original petition is as follows: "This contract made and entered into this September 17, 1919, between the J. T. Tice Company of West Point, Georgia, said county, and A. Y. Evans, LaGrange, Troup County, Georgia. It is agreed that the J. T. Tice Company, party of the first part, is to pay A. Y. Evans, party of the second part, 40% of net proceeds on all his sales of calendar racks made by him at any mill above the Mason and Dixon line. He is also to receive 2% on all orders going from any mill ninety days after initial order is placed, and one per cent. during the following twelve months. Party of the second part is to pay all expenses necessary for him to make sale to any mill, letting all orders pass through the J. T. Tice Company office at West Point, Georgia. . Contract remains in force until January 1st, 1920, and thereafter until either party sees fit to withdraw the same.

(Signed) "R. J. Higgenbotham, Mgr.
                                      "J. T. Tice Company.
"Accepted: A. Y. Evans, party of second part."

The plaintiff, in response to demurrers, amended the petition and amendments thereto, and in the amendments alleged more specifically the items of damage, the acts of negligence on the part of defendant, the commissions due by defendant, and increased the amount of damage previously alleged. The 5th paragraph of the original petition was so amended as to read, "That on the 17th day of September, 1919, your petitioner did enter into

a contract with said company to act as their agent and salesman above the Mason and Dixon line, your petitioner to receive compensation for his services thereunder 40% of net proceeds on all his sales of calendar racks made by him at any mill above the Mason & Dixon line, and about January 1st, 1920, made verbal agreement with defendants whereby he was to receive additional compensation of six and 25/100 ($6.25) dollars per pair racks for repeat orders."

The defendants answered, denying the material allegations of the petition, and by amendment to their answer alleged that "the J. T. Tice Company, a corporation, have never had any contract whatever with the said plaintiff;" also that plaintiff was indebted to the J. T. Tice Company in a named sum as shown by a full accounting between plaintiff and J. T. Tice Company, and because of damage arising out of plaintiff's representations and his performance of said contract.

The jury rendered a verdict "against the defendants J. T. Tice Co. $1,030.00 principal and $115.56 interest; also J. T. Tice Co., incorporated, $4,060.73 principal and $455.59 interest, with cost of suit. Total principal $5,090.73, total interest $571.15." Upon this verdict a judgment was rendered against the J. T. Tice Company and against the J. T. Tice Company Incorporated for the respective amounts found against them.

The defendants made a motion for a new trial, which was overruled, and they excepted.

*Raymond Martin, Sidney Holderness,* for plaintiffs in error.

*Harry M. Breed, Terrell, Howard & Terrell,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) The record in this case is quite voluminous, and we have for consideration a motion to dismiss the writ of error, a motion to continue, various amendments to the petition, amendments to a number of these amendments, about a half hundred demurrers to the petition and the amendments thereto, and fifty-two grounds of the motion for a new trial. In the headnotes we have covered every question raised in the record, and in addition thereto we will discuss fully headnotes 1, 5, 10, 12, 14, 17, and 21.

1. A motion to dismiss the bill of exceptions was made upon the grounds: that (1) the evidence is not briefed as required by law, (2) the defendant in error was not served with a copy of

"law brief" as required by the rules of court, (3) the brief of evidence was not "properly approved and identified by the trial judge." We will discuss these grounds in their order. (1) Although the evidence is far from brief, it is sufficiently briefed. "Where there has been a substantial compliance with the law as to bringing a brief of evidence to this court such a brief will not be disregarded although it may not be in absolute compliance with the statute." *Crumbley* v. *Brook,* 135 *Ga.* 723 (2) (70 S. E. 655): Nor is such a brief a sufficient reason for dismissing a writ of error. *Fleming* v. *Roberts,* 114 *Ga.* 634 (40 S. E. 792). *Saint Amand* v. *Lehman,* 120 *Ga.* 253 (3) (47 S. E. 949). (2). "Failure to serve counsel of the opposite party with the brief of counsel for the plaintiff in error, as required by rule 15 of this court (Civil Code of 1910, § 6339), is not ground for dismissal of the writ of error." *Marietta Fertilizer Co.* v. *Gary,* 22 *Ga. App.* 604 (3) (96 S. E. 711), and cases cited. (3) The record shows that the brief of evidence was "approved as correct and ordered filed as a part of the record" by the trial judge. As to grounds 1 and 3 of the motion to dismiss, see also Park's Ann. Code, § 6090 (a); Ga. L. 1911, p. 150, sec. 3; *Allen* v. *State,* 29 *Ga. App.* 213 (114 S. E. 583), and citations. The motion to dismiss the bill of exceptions is overruled.

5. Ground 1 of the second demurrer, demurring to paragraph 2 of the amendment to the petition for the reason that the parol agreement changed the terms of the written contract, is without merit. Since the contract, with this amendment thereto, is a part of the petition, we will construe it in the light of the other allegations of the petition, in testing it as against a demurrer. The petition shows that the original contract was between plaintiff and the J. T. Tice Company, and that after the execution of the original contract "the said J. T. Tice Company was duly chartered and incorporated, . . and that the said J. T. Tice Company Incorporated *absorbed and took over* the said J. T. Tice Company and *assumed* all the said J. T. Tice Company's liabilities, assets, *contracts* and business." Under this allegation the corporation stepped into the shoes of the company, and in legal contemplation the parol agreement (which the petition shows was but a modification of the original contract) was between the same parties as the original contract, and such alteration was permissible under

the law, and therefore an allegation to that effect is permissible. "If both parties to a contract change or alter its terms by mutual consent, the contract is still binding on both." *Haigler* v. *Adams,* 5 *Ga. App.* 641 (63 S. E. 717). "Where a contract is in writing each party has a right to expect the other to do precisely what he promises; but if, in the course of the execution of its terms— the carrying them into practical execution in a continuous business—some of the terms are departed from, and money is paid and received on that departure for some time, then, before the one can recover from the other for failure to pursue the letter of the agreement, he must notify him with clearness of his purpose thenceforth to stand on the original contract." . *Eaves* v. *Cherokee Iron Co.,* 73 *Ga.* 459 (2).

10. The third demurrer contains three grounds, all directed against paragraph 2 of the amendment filed September 26, 1921, and to the effect that the verbal agreement as to $6.25 commission on repeat orders varies the terms of the written contract. This demurrer is without merit. In *Kennesaw Guano Co.* v. *Miles,* 132 *Ga.* 770 (64 S. E. 1087), Mr. Justice Holden said: "We think that under the facts appearing in the record the court was not required, but was authorized, to find that in the course of the execution of the contract the parties departed from its terms, and paid and received money under such departure, as a result of which the plaintiffs were relieved of the duty to fulfill the guarantee provided for in the original written contract." See authorities cited on the opinion. Justice Holden said also (p. 771): "We think that the conduct of the parties, after the expiration of the contract made in writing, was such as to renew such contract as it previously existed, and each of the parties was bound by the terms of such previously existing contract as modified by the mutual departure therefrom. In this connection, see *Hill* v. *Goolsby,* 41 *Ga.* 289, 291; *Roberson* v. *Simons,* 109 *Ga.* 360 (34 S. E. 604)." See also *Holman* v. *Ga. R. Co.,* 67 *Ga.* 595 (2); *Lippincott* v. *Behre,* 122 *Ga.* 546, 547 (50 S. E. 467). See also our discussion of ground 1 of the second demurrer, supra, and cases there cited.

12. The 4th ground of the motion for a new trial (1st special ground) contends that a new trial should be granted because of certain evidence set out in the affidavit of R. J. Higgenbotham and

attached to this ground. This ground shows on its face that this evidence is not newly discovered, but was known to defendants before the call of the case for trial. Indeed it is not really offered as newly discovered evidence.

(a) Neither does this affidavit or anything in this ground show cause for a continuance of the case. A note attached to this ground shows that the "defendant announced ready for trial upon the call of the case, without calling the court's attention to the absence of R. J. Higgenbotham, or the materiality of this evidence. The case proceeded to trial until the *third day,* and the plaintiff had announced closed with his evidence when the defendant made a motion to continue the case on account of the absence of R. J. Higgenbotham, *whose absence was known to the defendant at the time he announced ready for trial."* (Italics ours.)

14. We will consider together grounds 6, 7, 8, and 9 of the motion for a new trial. In them the verdict is alleged to be "contrary to the pleadings," "contrary to the law and the evidence," and it is alleged that the portion of the verdict against the J. T. Tice Company Incorporated "is not supported by any evidence in the case," and "is contrary to the sworn testimony of the plaintiff." It is true that there was a misjoinder of parties. Plaintiff sued both the "company" and the "corporation." This could be taken advantage of by special demurrer only, and none was filed. *Ga. Railroad Co.* v. *Tice,* 124 *Ga.* 462 (52 S. E. 916, 4 Ann. Cas. 200); *Rusk* v. *Hill,* 117 *Ga.* 722 (3) (45 S. E. 42); *Eagan* v. *Conway,* 115 *Ga.* 130 (6) (41 S. E. 493); *Fleming* v. *Roberts,* 114 *Ga.* 638 (40 S. E. 792). The petition sets out a cause of action against the J. T. Tice Company Incorporated, and therefore the verdict was not "contrary to the pleadings." Is there any evidence to support this verdict? The main contention of the plaintiff in error is that J. T. Tice Company Incorporated did not contract with the plaintiff, did not assume the contracts or liabilities of the J. T. Tice Company, and that there is no evidence of any contractual relation between the plaintiff and the corporation. There is evidence to show that the written contract was between the plaintiff and the company, and was dated September 17, 1919; that the plaintiff made his first trip under the verbally altered agreement in January, 1920; and that he severed his connection with the defendant in January, 1921. Conceding, but

not deciding, that the altered agreement was an entirely new contract, there is some slight evidence that it covered a period only from January, 1920, to January, 1921; and if this were believed by the jury, it was not more than a year, and need not, under the statute of frauds, have been in writing. However, we hold that the parol agreement was but a modification of the original written contract between the parties. Both parties litigant agree to the validity of the original written contract. All that part of the original agreement relating to the parties, the 40 per cent. commission to be paid on initial sales, expense necessary to make sales, territory to be covered, orders passing through the company's office, and compensation on repeat orders, remained unaltered. The only change in the contract alleged is that the plaintiff "was to receive additional compensation of $6.25 per pair racks for repeat orders," instead of the commission on repeat orders, set out in the original contract. This is but a modification of the original contract. There is evidence to show that it was made by the company just before the company was absorbed by the corporation, and that the corporation acted upon it and received and shipped orders and paid out money under it. As stated in *Lippincott* v. *Behre,* supra: "If the contract as originally signed did not bind the defendants, the allegations of the petition are sufficient to show that the same had been adopted by them, and that partial payments thereunder had been made to the plaintiff. . . . The allegations that the defendants changed some of the terms of that original agreement . . and increased his commissions are also sufficient to show that the defendants recognized and adopted the contract which had been made by Alfred Lippincott representing Charles Lippincott & Co." The contract was changed by the plaintiff and the company which originally made it, and "If both parties to a contract change or alter its terms by mutual consent, the contract is still binding on both" (*Haigler* v. *Adams,* supra), and, of course, binding on the corporation which later assumed it. The petition alleged that the corporation absorbed the company and assumed the company's liabilities and contracts. This being true, whatever was due this plaintiff was due by the corporation, either on account of its assuming the liabilities of the company, or on account of the corporation's dealings with the plaintiff after it came into existence.

Without quoting further from the evidence, we content ourselves by saying that it is ample to show a contractual relation between plaintiff and the corporation. The business conducted by the J. T. Tice Company lapsed into the business conducted by the J. T. Tice Company Incorporated. With the knowledge and consent of the corporation, the plaintiff continued to render to it the same service that he had performed, for the company, and the corporation accepted his services with the full knowledge of all the facts and knowing that he expected to carry out the contract with it as it was made with the company.

17. The 13th ground complains in part of the following charge: "So you look to the evidence and determine if the parties to this written contract, subsequent to its execution, agreed to modify the terms as to the amount to be received by the party of the second part for original orders and also repeat orders, as contended by him." This charge was not entirely relevant, because there were no pleadings as to a modification of a written contract so far as original orders were concerned. However, there was some evidence, in the absence of pleading, that the written contract was modified so far as original orders were concerned; and there was pleading and evidence that the written contract was modified as to repeat orders. The pleadings set up that the commission to be allowed the plaintiff on repeat orders was changed to $6.25, and there was evidence to this effect, and there was also evidence that at the same time the defendant guaranteed that the 40 per cent. commission, allowed the plaintiff on the original orders as set out in the contract, would amount to $10 or more. In the light of the pleadings and the evidence relative to the modification of the contract, we hold that the error complained of in this ground is not such as to require the grant of a new trial, the charge being in the main relevant and proper.

21. The jury decided that the plaintiff was entitled to recover. under his contract, and the pleadings and the evidence authorized a finding that the corporation assumed this contract and accepted the services of plaintiff thereunder; and the verdict and judg-. ment against the corporation are legal and binding. See *Moss* v. *Fortson,* 99 *Ga.* 496, 499 (27 S. E. 745) ; *International Power Co.* v. *Hardy,* 118 *Ga.* 512 (45 S. E. 311).

While this court has "no power to add to a verdict" (*Renwick*

v. *LaGrange Bank,* 29 *Ga.* 203 (2)), it is expressly provided by section 5696 of the Civil Code (1910) that where part of a verdict is legal and part illegal, the part which is illegal may be written off, and this court "is clothed with power to direct any order necessary for the proper direction of a cause." *Finley* v. *Southern Ry. Co.,* 5 *Ga. App.* 722 (64 S. E. 312); Civil Code (1910), §§ 6103 (2), 6205.

It is therefore ordered that as to the J. T. Tice Company Incorporated the judgment be *affirmed,* and as to the J. T. Tice Company it be

*Reversed. Broyles, C. J., and Luke, J., concur.*