## ROBERTS *v.* GLASS.

The petition as amended set forth a cause of action, and should not have been dismissed upon the demurrers filed thereto.

Argued December 10, — Decided December 19, 1900.

Action on contract. Before Judge Bennet. Camden superior court. March term, 1900.

*E. J. Stafford* and *S. W. Hitch,* for plaintiff.
*Osborne & Lawrence,* for defendant.

COBB, J. Roberts brought suit against Glass, alleging that Glass was indebted to him in the sum of $250 less $80.45, for the reason that the defendant had violated the terms of a contract which they had made with each other, the substance of which was as follows: The defendant was "to build fence, clear land, remove trees, break ground in a good, substantial, and workmanlike manner, in conformity with the plans and wishes" of the defendant; the details of the work to be as follows: the timber to be cut and removed or burned; all brush and palmetto to be removed from the land; the land to be double-scootered and inclosed with a good, substantial rail-fence, each rail not to be less than four inches in diameter and of full length; the fence to be ten rails high, staked and ridered; the land to be cleared and fenced consisting of twenty-five acres. For such service the defendant was to pay the plaintiff $10 per acre,

fifty per cent. on each five-acre tract so cleared when the same was completed; such sum to be paid to the plaintiff to aid him in carrying on the work; the sums being advanced when each five-acre tract was completed, the remainder to be paid in full upon the completion of the work. The work was to be commenced at once, and proceed to completion as rapidly as possible. The contract was dated October 12, 1896. It was alleged that the plaintiff at once entered upon the work, and prosecuted the same with as much speed as possible until December 22, 1896, when the defendant requested him to quit work, and he was discharged and prevented from carrying on further work. There is set forth in the petition an itemized statement showing that the value of the work done up to the date last referred to was $170. It is further alleged that the conduct of the defendant was fraudulent, and that the plaintiff was prevented from continuing the work for the express purpose of defrauding and wronging him out of his just dues; and also that the defendant had paid the plaintiff $80.45. In an amendment it was set up that the amount due was $89.55, being the difference between $170 and $80.45. The plaintiff avers that he was ready to perform in accordance with the contract and had always been ready so to do, and his failure to perform was due entirely to the conduct of the defendant, who not only refused to allow him to continue the work but had the same done by other persons. To the petition as amended the defendant filed demurrers both general and special. The court sustained the demurrers and dismissed the action; and to this exception was taken.

The petition set forth a cause of action as against a general demurrer. It was alleged that the parties had entered into a contract under the terms of which the plaintiff was to do certain work, and for that he was to receive pay in a designated way as the work progressed; that, though engaged in performing the work in accordance with the contract, he was prevented by the defendant from continuing the same. This conduct on the part of the defendant was clearly a breach of the contract, and entitled the plaintiff to recover whatever damages he sustained on account of having been compelled to abandon the work.

One ground of the special demurrer was, that the petition did not show in what sum the plaintiff was damaged, there being no allegation that the plaintiff would have made any profit under the con-

tract had he completed the work. It was not necessary for the plaintiff to allege that he had a profit in the work, in order to maintain an action for a breach of the contract, as he would be entitled to recover nominal damages, even though he was working at a loss when the defendant prevented him from carrying on the work further. It has been repeatedly ruled by this court that a new trial will not be ordered simply to allow a plaintiff an opportunity to recover merely nominal damages. "We are not, however, aware of any precedent authorizing the trial court to deprive a plaintiff of his right to recover such damages. To so hold would put it within the power of trial judges to prevent, in any case, a recovery of nominal damages, and thus render the law authorizing the recovery of such damages practically inoperative." *Addington* v. *W. & A. R. Co.*, 93 *Ga.* 569. In the case just cited the court directed a verdict for the defendant, and the judgment was reversed for the reason that the evidence authorized a recovery of nominal damages. In *Kenny* v. *Collier*, 79 *Ga.* 743, a judgment sustaining a demurrer to the petition was reversed notwithstanding the only damages recoverable thereunder would have been nominal damages. See also *Barrett* v. *Verdery*, 93 *Ga.* 526, 530. Consequently, the fact that the plaintiff may be entitled to recover only nominal damages is no reason why the judgment dismissing his action should not be reversed.

Another ground of the special demurrer is, that the petition is bad for duplicity, for the reason that the plaintiff seeks a recovery for a breach of contract, upon an account, and in an action of tort. We do not think the petition is subject to the objection thus made. Taking the allegations of the petition either by themselves or in connection with the allegations in the amendment, it was clearly the intention of the pleader to bring an action for the damages resulting to the plaintiff from the conduct of the defendant in refusing to allow him to continue the work under the contract. The fact that the plaintiff in his petition set forth an itemized statement showing the value of the work done by him up to the time that he was prevented from continuing the work would not make the suit one upon an account. While there are allegations in the petition that the defendant's conduct was fraudulent, they are of a loose and general nature and do not of themselves set forth any cause of action, and, while entirely inappropriate to an action for the breach of a contract, can and should be properly treated as harmless surplusage.

The original petition set forth a cause of action as against a general demurrer. The amendment was not subject to the criticism that it added a new cause of action; and the effect of the amendment was to remedy such of the defects pointed out in the original special demurrer as are not above discussed. The court erred in sustaining the demurrer to the petition as amended.

*Judgment reversed. All concurring, except Fish, J., absent.*