## EDWARDS *v.* HALE.

The evidence, though conflicting, amply authorized the verdict, and no sufficient reason has been shown for reversing the judgment.

Submitted June 18,—Decided August 15, 1907.

Action for breach of contract. Before Judge Brand. Banks superior court. October 8, 1906.

Edwards filed his petition against Hale, alleging, that the defendant was indebted to him in the sum of $250 on account of the breach of a partnership agreement; that they entered into an oral agreement to form a partnership under the name of "John P. Hale, Proprietor;" that Hale was to furnish the capital to start the business; that both were to rent a house, and Edwards was to conduct the business and take out a reasonable amount for his support, and the profits and losses were to be borne equally; that the plaintiff went to work in good faith and built up a good business, which was increasing daily; that there was no time especially agreed on as to how long the partnership should continue, but it was understood that it was not to be terminated without three months notice; and that notwithstanding such agreement, the defendant, without any notice to petitioner, took charge

of the business and refused to allow him to participate therein, and deprived him of all his rights as a partner. The petition concludes in the following language: "Your petitioner further shows, that, being turned out of the business without any notice, he was out of employment and lost his time and profits for three months, which he was entitled to, all to the value of said $250, which the said defendant is justly indebted to petitioner." The defendant filed an answer in which he denied all liability. At the trial the plaintiff testified that the agreement was as set forth in the petition. The testimony of the defendant was to the effect, that there was no partnership whatever; that the plaintiff was simply employed to conduct the business; and was to be paid for his services one half of the profits; and that he had no interest in the business, and was not liable in any way for the losses; that for a sufficient cause he was discharged, and that all that was due him, under the terms of the agreement, had been tendered him, which he had refused to receive. The trial resulted in a verdict for the defendant, and the plaintiff assigns error upon the refusal of the judge to grant a new trial.

　　*W. W. Stark,* for plaintiff. *H. H. Perry,* for defendant.

COBB, P. J. (After stating the facts.) The controlling issue was partnership or no partnership. The evidence upon this subject was conflicting. It is conceded by counsel for plaintiff in error, in his brief, that the evidence was sufficient to authorize a finding either way. It is therefore only necessary to determine whether any error of law has been committed which would authorize a reversal of the judgment. Error is assigned upon the following charge of the court: "If there be no agreement as to the time of the continuance, the partnership is at will, and may be dissolved at any time by any partner giving the other three months notice; and if this be the truth of the case,—if the defendant dissolved it without this notice, then the plaintiff can recover what the profits would amount to for said three months, and no more; and the burden is upon the plaintiff to show what these profits would amount to." Error is assigned upon this charge, for the reason that it limited the plaintiff's recovery to the profits that might have been made during the three months following the wrongful dissolution of the partnership, and placed the burden upon the plaintiff of showing what his damages would

be. As will be seen from the statement of facts, the plaintiff distinctly alleges that his damages were the loss of profits during the three months; and hence there was no error in the judge limiting the plaintiff's recovery in the manner in which it had been limited in his petition. Neither was there any error in instructing the jury that the burden was upon the plaintiff to prove his damages. He must furnish some basis upon which the jury could estimate the damages resulting to him from the breach of the partnership agreement. It may be that under the petition the plaintiff would have been entitled to recover nominal damages for the breach of the contract, even though there was no evidence as to any actual damages sustained; but it is well settled that in an action upon a contract a new trial will not be ordered merely for the purpose of allowing a plaintiff to recover nominal damages. *Roberts* v. *Glass,* 112 *Ga.* 458 (37 S. E. 704) ; *Bloom* v. *Americus Grocery Co.,* 116 *Ga.* 784 (43 S. E. 54).

Error is also assigned upon the following charge: "In order to constitute a partnership by joint interest in the profits and losses, the partners must share in all losses sustained by the partnership. The word 'loss' in this section [§2629] means something more than the mere failure to realize profits." The error assigned upon this charge is that it precludes the jury from finding for the plaintiff profits which had been added to the business, and that the court did not define the term "losses." So far as the latter assignment of error is concerned, it is sufficient to say that if any definition of this term used in the code section had been desired, it should have been the subject of a proper written request. The first criticism is not well taken, for the reason that the court, in the charge referred to, was not undertaking to determine how an accounting should be had to determine the profits and losses of the business, but simply defining what was a partnership under the law.

The only other assignment of error is an objection to the testimony of a certain witness as to the statement of the father of the defendant in the absence of both the plaintiff and defendant. The judge, in a note to the motion for a new trial, says that this evidence was admitted for the purposes of impeachment. Even if this evidence was improperly admitted, for the reason that it sought to impeach the witness upon a matter which was imma-

terial, the error was, under all the circumstances, not of such grave nature as to require a reversal of the judgment.

*Judgment affirmed. All the Justices .concur.*