## HADDEN *v.* SOUTHERN MESSENGER SERVICE.

1. The nervous prostration and hysteria of the plaintiff's wife, alleged to have been caused by the failure of the defendant, the Southern Messenger Service, to deliver, in accordance with its contract with plaintiff so to do, a written message to his wife that he was called out of the city and would not be at home that night, were not the legal and natural result of such breach of contract by defendant; and therefore the plaintiff was not entitled to recover damages alleged to have been

sustained by him for the loss of his wife's services caused by such nervous prostration and hysteria.

2. Exemplary or punitive damages are not recoverable for a mere breach of contract.

3. Generally the rule that in every case of breach of contract the other party has the right to recover nominal damages does not apply where only special and punitive damages are sued for, and where such damages are not recoverable.

NOVEMBER 18, 1910.

Damages. Before Judge Bell. Fulton superior court. October 19, 1909.

*Heyward & Garrett,* for plaintiff.

*Dorsey, Brewster, Howell & Heyman,* for defendant.

FISH, C. J. Hadden brought his action against the Southern Messenger Service, in which the substance of the petition, in so far as here material, was as follows: The defendant, a corporation, is engaged in the business of delivering written messages, for a consideration, anywhere within the corporate limits of the city of Atlanta. On February 26, 1909, the plaintiff paid the defendant its usual fee to deliver to his wife, at his designated residence in the city of Atlanta, a written message informing her that he was called from the city and would not be home that night. The defendant failed to deliver the message; and as plaintiff's failure to be at home that night was such an unusual occurrence, his unaccountable absence from home at night, and the fear and uneasiness thereby occasioned to his wife, caused her to suffer nervous prostration and hysteria, in which condition she remained for a week, undergoing great bodily pain, which prevented her from rendering him any services whatever. The wife's age and life expectancy were stated, and it was alleged that plaintiff was entitled to her services and society during the length of such life expectancy, "but that said services have been permanently impaired by the shock which her nervous system received, on account of defendant's conduct, as hereinbefore set forth, and that she will never again be able to render him those services that under the law he is entitled to as his wife. . . Petitioner alleges that the facts aforesaid show that he has been damaged by the permanent loss of services and society of his wife as mentioned aforesaid, and asks that a judgment be rendered against said defendant company in the sum of five thousand dollars as compensation therefor, and that he also be allowed punitive damages." The petition was demurred to on

several grounds, one of which was that it failed to allege any damages legally recoverable against the defendant. The demurrer was sustained, and the plaintiff excepted.

1. The petition was properly dismissed on demurrer, on the ground that it alleged no damages which could be recovered against the defendant. Of course, the plaintiff could not recover for the mental and physical pain suffered by his wife by reason of the failure of the defendant to deliver the message. The special damages claimed by the plaintiff for the alleged permanent impairment of his wife's ability to render him such services as she was bound to do under the law were not the legal and natural result of the breach of the defendant's contract to deliver the message, and therefore were not recoverable, especially as there was no allegation that defendant knew the contents of the message.

2. Nor was the plaintiff entitled to recover exemplary or punitive damages, as the suit was merely for the breach of the contract to deliver the message, and "Exemplary damages can never be allowed in cases arising in contracts." Civil Code, § 3797; *Goins* v. *Western Railroad of Alabama,* 68 *Ga.* 190, and cases cited.

3. Counsel for plaintiff contend here he was entitled, at least, to nominal damages for the breach of the contract; and that for this reason it was error to dismiss the petition on demurrer. It is true that in every case of breach of contract the other party has a right to recover at least nominal damages, which will carry the costs. Civil Code, § 3801. And where, in a suit for breach of contract, nominal damages are specifically claimed, or such special damages as are recoverable or general damages are alleged, the petition should not be dismissed on demurrer, as setting forth no cause of action, if it shows a valid contract and a breach of the same. *Sutton* v. *Southern Railway Co.,* 101 *Ga.* 776 (29 S. E. 53) ; *Roberts* v. *Glass,* 112 *Ga.* 456 (37 S. E. 704) ; *Graham* v. *Macon, Dublin & Savannah R. Co.,* 120 *Ga.* 757 (5) (49 S. E. 75) ; *Cowdery* v. *Greenlee,* 126 *Ga.* 786 (55 S. E. 918, 8 L. R. A. (N. S.) 137). In this case, however, there was no special prayer for nominal damages nor any allegation of general damages, but the only damages sought to be recovered were special damages for the loss of the services of the plaintiff's wife and punitive damages; and as such damages were not recoverable and there was no allegation of damages in the petition which could possibly cover nominal damages, the case falls

within the general rule, that where only special and punitive damages are sued for, a judgment sustaining a demurrer to the petition will not be reversed because the plaintiff would have been entitled to recover nominal damages if the allegations of the petition as to damages had been sufficient to cover the same. *Haber, Blum, Bloch Hat Co.* v. *Southern Bell Telephone & Telegraph Co.*, 118 *Ga.* 874 (4) (45 S. E. 696).

*Judgment affirmed. All the Justices concur.*