GREEN *v.* MORRIS.

The petition was properly dismissed on general demurrer.
AUGUST 17, 1912.

Action for damages. Before Judge Bell. Fulton superior court. April 20, 1911.

*J. V. Pool,* for plaintiff. *W. S. Dillon* and *Anderson, Felder, Rountree & Wilson,* for defendant.

FISH, C. J. Green sued Morris for damages for breach of contract. The substance of the petition now material was as follows: Plaintiff, defendant, and another person, who was the inventor and owner of a device for the construction of automobiles, but who was without financial means of placing the same on the market, entered into a parol agreement to organize a corporation capitalized at $100,000, for the purpose of the manufacture, sale, etc., of automobiles, and doing a general automobile business. Under the agreement, each of the three parties was to receive $17,000 worth of stock, and the plaintiff and defendant were to furnish the money for the purpose of organizing the corporation and placing the automobiles on the market. A charter was to be applied for and the corporation organized at once. Plaintiff, "relying and acting on the terms of the contract as above set forth," spent several weeks traveling about, endeavoring to interest the public in the proposed corporation, and succeeded in getting a number of persons interested therein, who were ready and willing to take stock in the

corporation as soon as it could be chartered and organized. The time and service of plaintiff while so engaged were worth $200. Plaintiff, "realizing that [the defendant] and himself were without sufficient funds to successfully organize and operate said concern beneficially to themselves and others who might take stock in the company when chartered and put in operation, . . decided to sell one half of his interest, which would be $8,500." Another person offered to trade to plaintiff $5,000 worth of stock in another named company for one half of plaintiff's "interest in said business, which was 85 shares," which proposition plaintiff accepted. Defendant, upon learning of such trade between plaintiff and such other person, informed the latter that "plaintiff had no interest in the said business" with the defendant, and that neither plaintiff nor the party with whom he had so traded should ever have any interest therein. Plaintiff "was ready and willing and anxious to apply for a charter for the said company, to organize and begin business at once, according to the terms of the contract previously made between" the defendant, himself, and the other party thereto; but the defendant "refused to go ahead and organize the said company." The statement made by the defendant to the person with whom the plaintiff had traded for the $5,000 worth of stock in the other company prevented the trade from being consummated, whereby the plaintiff lost $5,000, the value of the stock he was to receive. The defendant refused to permit plaintiff to have any interest in the business for which the corporation was to be organized, but with several named persons the defendant organized the corporation himself, investing therein $4,000, and subsequently selling out his interest for $10,000. By reason of the facts alleged, defendant has damaged the plaintiff $13,750. The petition was dismissed on general demurrer, and the plaintiff excepted.

It does not appear that plaintiff paid anything towards organizing the corporation and placing the automobiles on the market, although under the terms of the contract he and the defendant were to furnish the money for such purpose. Indeed, it appears from the petition that plaintiff and defendant were without sufficient funds to successfully organize and operate the contemplated corporation. The petition alleges, that, in order to raise funds for the purpose of organizing the corporation, plaintiff sold half of his interest therein to one who owned stock in another corporation,

and was to receive in payment of his half interest $5,000 worth of stock in such other corporation. It appears, however, that the plaintiff had no interest in the business for the transaction of which the corporation was to be organized, for the reason that he had contributed nothing towards such business, no corporation had been formed, and of course he could have no stock therein. While it is alleged that plaintiff spent several weeks in endeavoring to induce other people to take stock in the contemplated corporation, and that his time and services in so doing were worth a given sum, it does not appear from the terms of the contract set out in the petition that he was under any obligation to perform such services.

The suit was for damages in the sum of $13,750, which sum was evidently made up of the $5,000 which plaintiff alleged he lost by reason of the defendant breaking up the trade by which plaintiff was to obtain $5,000 worth of stock in another company, and the amount of $8,500 which was the value of half of the $17,000 of stock which plaintiff was to have in the business to be incorporated, which half-interest he would retain after paying for the $5,000 worth of such other stock. As we have already intimated, the plaintiff was not entitled to recover for such damages; nor was he entitled to recover nominal damages, for the reason that neither nominal damages nor general damages were sought to be recovered. *Hadden* v. *Southern Messenger Service,* 135 *Ga.* 372 (69 S. E. 480). It follows that the court did not err in dismissing the petition on general demurrer.

*Judgment affirmed. All the Justices concur.*