JAMES *v.* HAMIL *et al.*

BECK, J. 1. It appearing that a certain return of partitioners was material to the issues being tried, that the same was introduced in evidence by the plaintiffs and admitted without objection, and that the description of the land included in the return and assigned to various parties, one of whom was a predecessor in title of the plaintiffs, concludes with the recital, "all of which will fully appear by reference to the annexed plat of survey, which is a part of the return," the court did not err in ad-

mitting in evidence the plat thus referred to, over the objection that the same "did not clearly show the land sought to be conveyed to the several parties named in the partition proceedings, by distances, metes, and bounds;" it being apparent from a consideration of the map in connection with the recitals in the return that the two, that is the return and the map annexed, show clearly the various parcels of land assigned to the several parties named in the return.

2. Under the explanation made in the judge's note, his reference to a certain witness and party as "Willie Hamil" was not misleading or confusing to the jury, it being manifest that although the judge should have referred to J. A. Hamil as the party making the agreement, the effect of which was being submitted to the jury in the charge, the jury could not but have understood that the party actually making the agreement was referred to when he miscalled his name and referred to him as Willie Hamil.

3. The other portions of the charge complained of were adapted to one phase of the case as presented under the testimony of certain witnesses, and consequently were not open to the objection that such charges were not warranted by nor adjusted to the evidence in the case. If other theories of the case which the plaintiff in error contends to be the true theories were made by the evidence and were not covered by the charge, this should have been excepted to on that ground.

4. A deed purporting to convey "153 and 1/3 acres off of lot of land No. 42" was inoperative, because of vagueness and uncertainty of description of the portion of lot No. 42 sought to be conveyed, to convey any portion of that lot of land, although it might be operative to convey other lots of land or portions of other lots where the descriptions of such other lots or portions thereof were sufficiently definite.

5. The evidence authorized the verdict.

> *Judgment affirmed.    All the Justices concur.*
> JUNE 17, 1913.

Ejectment. Before Judge Worrill. Early superior court. September 3, 1912.

*Rambo & Wright,* for plaintiff in error.

*Pope & Bennet,* contra.