14709.  MURPHEY v. NORTHEASTERN CONSTRUCTION COMPANY.

STEPHENS, J.  1.  Where a purchaser has breached a contract to produce and sell, the seller's measure of damage, where he has not produced the articles contracted to be sold, is the difference between the contract price and what it would have cost the seller to perform his obligations under the contract.  See, in this connection, Civil Code (1910), §§ 4395, 4402; *Steinhauer* v. *Thompson*, 16 *Ga. App.* 470 (85 S. E. 677); *Mims* v. *Betts*, 9· *Ga. App.* 718 (72 S. E. 271); U. S. *v.* Behan, 110 U. S. 338 (4 Sup. Ct. 81, 28 L. ed. 168); Worthington *v.* Gwin, 119 Ala. 44 (24 So. 739, 43 L. R. A. 382); Kingman *v.* Western Mfg. Co., 92 Fed. 486 (34 C. C. A. 489).

2.  Where the seller has contracted to procure and deliver to another a certain amount of stone and sand at a designated price, and the latter has wrongfully prevented the performance of the contract by refusing to accept any of the material contracted for, and the innocent party has not procured the sand and stone, but has incurred the expense of hiring teams for the purpose of hauling and delivering the materials contracted for, and such teams have, through no lack of diligence upon the part of such innocent party, remained idle during the time of their employment, and he has received nothing of value in return therefor, and such expense is a total loss to him, this expense may, in addition to the profits inhering in the contract, be recovered. .

3.  An allegation in the petition, that the expense of hiring has been contracted for, is a sufficient allegation of an expense incurred, even though the hiring has not been paid for.  An incurred obligation to pay will be considered as an expense incurred, and presumably will be paid.  This, prima facie, is an expense that has been incurred, but the presumption may be rebutted by proof.

4.  While ordinarily the first item of damage would be the difference between the contract price and the value of the commodity sold, at the time and place of delivery, yet where the materials had no market value and could not be resold at the time and place of delivery, the damage may be measured by the difference between the contract price and what it would have cost him to perform.  *Wallace* v. *Tumlin*, 42 *Ga.* 462 (4); *Southwestern R. Co.* v. *Rowan*, 43 *Ga.* 411; *Bryan* v. *Southwestern R. Co.*, 41 *Ga.* 71.

5.  This being a suit by the innocent party against the other contracting party for damages for failure to perform as above indicated, and it appearing that the petition set out a good contract and a breach, and prayed for damages capable of definite ascertainment under the facts alleged in the petition, and legally recoverable under the above rulings, the court erred in sustaining the general and special demurrers interposed thereto.

*Judgment reversed.  Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 29, 1924.

Attachment; from city court of Richmond county—Judge Black.  May 1, 1923.

*I. S. Peebles Jr.,* for plaintiff.  *H. G. Howard,* for defendant.