49695. BENDLE et al. v. ORTHO MATTRESS, INC.

SUBMITTED SEPTEMBER 6, 1974 — DECIDED DECEMBER 2, 1974 — REHEARING DENIED DECEMBER 18, 1974 —

*Stack & O'Brien, David W. Porter, David J. Keeler,* for appellants.

*Scheer & Elsner, Robert A. Elsner,* for appellee.

DEEN, Presiding Judge.

■ "Damages growing out of a breach of contract, in order to form the basis of a recovery, must be such as can be traced solely to the breach, must be capable of exact computation, must have arisen naturally and according to the usual course of things from such breach, and must be such as the parties contemplated as a probable result of the breach." *Sanford-Brown Co. v. Patent Scaffolding Co.,* 199 Ga. 41(1)(33 SE2d 422). The plaintiff's expenses in preparing for performance of the contract, such as purchasing trucks and moving one of the partners to Atlanta, were not expenses caused by the breach of the contract, but rather in fulfilling it, and are not per se recoverable. Objection was properly sustained to a question as to whether B & G Freight Lines incurred expenses in moving Mr. Grames to Atlanta originally, since this was necessary in order to enter into the contract; it was done and the contract was in effect for some months thereafter. The case is different where, as in *Murphey v. Northeastern Constr. Co.,* 31 Ga. App. 715 (2) (121 SE 848) there is a contract of sale, the purchaser refuses to perform, and the seller is thereby damaged to the extent of loss of net profit plus out of pocket expenses in preparing for the delivery of the article contracted for after a rufusal to accept. A similar rule is applied to contracts for the improvement of real estate where the owner refuses to accept performance after the contracting party has incurred expenses, limiting recovery to net loss;

that is, the difference between cost and contract price at completion (net profit) plus expenses already incurred. *Crankshaw v. Stanley Homes, Inc.*, 131 Ga. App. 840 (207 SE2d 241). In such cases there is one single, total contract price. In a continuing per diem contract such as we have here, the net profits for each day can be ascertained only by subtracting from the contract price for the day's work the expenses of that day's work. The number of days involved becomes the second element in the equation, also to be determined by the contract. In the present instance the contract is terminable at will by either party, subject to the stricture that no termination may legally occur prior to 90 days after written notice. Since the agreement was for two trucks at $100 each per day, a breach of contract on the part of the procurer of these services is to be arrived at by multiplying the days of deprivation (90 days less whatever number after notice were in fact worked) by $200 per working day to arrive at gross profit, and subtracting from this sum the expenses which the plaintiff would have incurred in furnishing those particular days of service. If, for example, a period of 80 days is involved, the expense of keeping the trucks available for service during such period, whether based on storage, amortization of cost, or some other method, would be admissible as an expense to be substracted from gross profit, but the cost of returning them to California, or a loss involved in subsequent sale or repossession, would not be. If salaries and office space were a part of the plaintiff's cost, and if it can prove with some measure of accuracy what part of the daily income is allocable to these expenses, this also is admissible. While the plaintiff's loss of records materially handicapped its presentation of this case, it is not entitled to a gross recovery of $200 per day, and it does have the burden of submitting evidence from which the jury can determine with some degree of accuracy the amount to which it is entitled.

■ The appellant contends that in any event the direction of a general verdict in favor of the defendant was error in that it was at least entitled to nominal damages sufficient to carry the costs. Code § 105-2001 provides: "If the injury is small, or the mitigating circumstances are

strong, nominal damages only are given." The rule applies to actions in contract equally as those in tort. "It is true that in every case of breach of contract the other party has a right to recover at least nominal damages, which will carry the costs." *Hadden v. Southern Messenger Service,* 135 Ga. 372, 374 (69 SE 480). The case goes on to state the exception which has given the courts much trouble: The rule does not apply "where only special and punitive damages are sued for," and where such damages are not recoverable. One of the difficulties lies in the fact that most of the decided cases arose under former demurrer practice, where general and special damages were usually set out eo nomine, and petitions construed against the pleader. Even in such cases, if the petition so construed did not negate the plaintiff's right to recover, the mere fact that special damages declared on were improperly set out, and data for calculating other damages was not included, will not authorize dismissal of the petition on demurrer "as the plaintiffs in any event were entitled to recover nominal damages for the breach of the contract." *Graham & Ward v. Macon, Dublin &c. R. Co.,* 120 Ga. 757 (5) (49 SE 75). The same rule is set out in *Twin City Lumber Co. v. Daniels,* 22 Ga. App. 578, 588 (96 SE 437), but the dismissal of the case was affirmed because the special and punitive damages sought were not recoverable items and there was no prayer for general or nominal damages. Where damages were alleged generally, the overruling of a general demurrer on this ground was affirmed in *Southern R. Co. v. Bunch,* 25 Ga. App. 45 (2) (102 SE 462). In *Nicholson v. Williamson,* 29 Ga. App. 692 (3) (116 SE 321) the grant of a nonsuit (the equivalent of the direction of a verdict at the close of the plaintiff's evidence) was set aside where there was "sufficient evidence to authorize the inference that a contract of rental between the parties had been unlawfully terminated by the defendant, thus entitling the plaintiff to recover nominal damages. . . the case not having been passed upon by a jury." Again, in *Darlington Corp. v. Evans,* 88 Ga. App. 84 (76 SE2d 72), the problem as it relates to demurrer rulings is again discussed, the conclusion being that the case, if it alleges a breach of contract, is subject to dismissal only where *none of the*

*damages sought* are recoverable, that is, where neither general nor nominal damages are sought, and the petition shows on its face that there can be no recovery for the special damages prayed for.

In *Roberts v. Glass,* 112 Ga. 456 (37 SE 704), the court reversed a dismissal on general demurrer with the statement that "the fact that the plaintiff may be entitled to recover only nominal damages is no reason why the judgment dismissing his action should not be reversed." The reversal is grounded on *Addington v. Western &c. R. Co.,* 93 Ga. 566 (20 SE 71), and it was specifically pointed out in *Roberts* (p. 458) that "the court directed a verdict for the defendant, and the judgment was reversed for the reason that the evidence authorized a recovery of nominal damages."

This brings us to *Bennett v. Associated Food Stores, Inc.,* 118 Ga. App. 711 (165 SE2d 581), the case primarily relied upon by the appellee, the only case brought to our attention which was decided under the current Civil Procedure Act, and the only one where the direction of a verdict for the defendant because of a failure to prove damages (in that case, the damages resulting to the lessor of equipment because of failure to prove the amount of its net loss resulting from the breach) was affirmed on appeal. The reason given was that the rule does not apply "when only special damages are sued for and these are not recoverable." The court cited *Darlington Corp. v. Evans,* supra, and *Haber &c. Co. v. Southern Bell &c. Co.,* 118 Ga. 874 (45 SE 696), a tort action, in support of its ruling. Examination of both these cases indicates that the plaintiff was proceeding on a theory which precluded it from recovery. We must assume, in favor of the *Bennett* case, that the same situation obtained there, although it is not developed one way or the other in the opinion.

In the present case, the plaintiff's evidence requires a finding that there was a contract between the parties, that the contract was in fact breached, that the plaintiff was damaged in the amount of per diem rentals lost by failure to give a 90-day notice *less expenses of complying with the contract for the same period,* and that there would in fact have been expenses of these items reasonably capable of proof, although on the trial the proof offered by

the plaintiff was properly rejected because of its hearsay character. It is not necessary, to obtain nominal damages, that one allege or prove that he would have had a profit in the work. *Roberts v. Glass,* supra, p. 458.

It was accordingly error in this case, where only general damages were pleaded, a breach of contract was proved, and nominal damages at least would have been recoverable, to direct a general verdict in favor of the defendant.

*Judgment reversed. Stolz and Marshall, JJ., concur.*