## 58244. BRADLEY v. GODWIN.

UNDERWOOD, Judge.

This appeal was precipitated by the direction of a verdict for the landlord in this dispossessory proceeding he had instituted against his tenant (Code Ann. § 61-301 et seq.), claiming that she had failed to pay rent as she had agreed to do. Tenant answered and counterclaimed, asserting that landlord was responsible to her for failure to make certain repairs as he had agreed to do at the inception of the lease (*Lewis & Co. v. Chisholm*, 68 Ga. 40 (3)), and also for his failure to make others not covered by the agreement but otherwise required. Code Ann. § 61-111, 61-112.

At trial landlord moved for directed verdict, contending that tenant was barred from recovery by her own contributory negligence, and that "all the evidence points to the fact that there is no damage in the case that can be [submitted] for consideration of the jury . . ." The court, while rejecting the contributory negligence

contention by ruling that such questions would be for the jury, was nevertheless concerned about the damages issue, asking in several instances: "What's the damage? She hasn't stumbled and broken a leg, she hasn't had her clothes ruined by the rain. What are the damages she sustained?"

"[W]ell, we don't know," replied landlord's counsel. "There has been no evidence of anything, any damages other than, if anything, diminution in the difference between the value of the rent that she should have been paying [because of the unrepaired state of the premises] and the rent that she was actually paying." Tenant's counsel agreed that this was, indeed, what her damages consisted of, adding in more than one instance that at least nominal damages would be recoverable in any event.

Nevertheless, the court indicated that a verdict would be directed against tenant on her counterclaim; and, landlord having thereupon waived his claim against her for rent, the court directed a general verdict in landlord's favor. This appeal followed; we reverse.

1. At trial tenant claimed that landlord had agreed to make certain repairs as a condition of the tenancy, and as an inducement to her to enter the tenancy. Landlord disagreed, contending that he had made no agreement for repairs. As the evidence was sharply conflicting as to that issue, the existence vel non of the agreement, absent a writing, should have been submitted to the jury for resolution. *Frey v. Friendly Motors*, 129 Ga. App. 636 (200 SE2d 467) (1973).

2. Tenant claims that in establishing as her damages the difference between the amount of rent she had agreed to pay and the rental value of the premises in their unrepaired state (*Roberson v. Weaver*, 145 Ga. 626 (6, 7) (89 SE 769) (1916)), she had produced at trial the testimony of a witness that the rental value of the apartment in its unrepaired state was "$10 per month, if anything at all." However, we find from the record that the witness only said "$10, if anything at all," thus omitting the "per month." Whether the witness actually meant $10 "per month," "per week," "per square foot," or perhaps something else cannot be determined from the evidence. While a different question might be presented were

the evidence to show that tenant had suffered actual damage *in some amount* (*Edgeman v. Thomas,* 132 Ga. App. 866 (209 SE2d 658) (1974); *Bendle v. Ortho Mattress, Inc.,* 133 Ga. App. 575, 579-81 (211 SE2d 618) (1974)), the only actual damage which could possibly be pointed to under the evidence here was the diminished value of the lease, as to which there was a fatal failure of proof. Consequently no error appears in directing the verdict so far as actual damage is concerned. *Thomas v. Campbell,* 126 Ga. App. 675 (191 SE2d 619) (1972); *Hayes v. Flaum,* 138 Ga. App. 787 (227 SE2d 512) (1976).

3. But tenant claims she was entitled to at least nominal damages and, for that reason, that it was error for the court to direct a verdict against her. We agree.

"In every case of breach of contract, the other party has a right to damages; but if there has been no actual damage, the plaintiff can recover nominal damages which will carry the costs." Code Ann. § 20-1409. Similar provisions are made for tort cases. Code Ann. §§ 105-2001, 105-2006.

Prior to the Civil Practice Act it was the rule that an allegation of general damages, or a general allegation of unspecified damages, was sufficient as a matter of pleading to allow recovery of nominal damages, a species of general damages. *Hall v. Browning,* 195 Ga. 423, 428 (5b, c) (24 SE2d 392) (1943) (tort); *Sutton v. Southern R. Co.,* 101 Ga. 776 (1897) (contract); *Glenn v. Western Union Tel. Co.,* 1 Ga. App. 821, 831 (1907) (contract). There were, however, other rules as to pleading damages, the most notorious of which came into play in contract (or tort) cases where the petition sought only special (or special and punitive) damages. Under those circumstances the recovery was limited to those items so that an award of general or nominal damages was not allowed in the event the special damages were not recoverable. E. g., *Hadden v. Southern Messenger Service,* 135 Ga. 372, 374 (3) (69 SE 480) (1910); *Darlington Corp. v. Evans,* 88 Ga. App. 84, 87 (76 SE2d 72) (1953); *Wright v. Smith,* 128 Ga. 432 (3) (57 SE 684) (1907); *Spindel v. Kirsch,* 114 Ga. App. 520, 522 (151 SE2d 787) (1966). As stated in *Beverly v. Observer Pub. Co.,* 88 Ga. App. 490 (3) (77 SE2d 80) (1953): "[w]here neither general nor nominal damages are sought and the special

damages alleged are not recoverable, the plaintiff is not entitled to recover in any amount, although he would have been entitled to nominal or general damages had they been sought."

In those instances where the plaintiff was entitled to recover nominal damages which had nevertheless been denied by the jury, reversal and new trial did not generally ensue merely for the recovery of the nominal damages, at least in contract cases. As stated in *Eiswald v. Southern Express Co.*, 60 Ga. 497, 498 (1878): "[i]n actions of tort, or in some of them, because the mere branding of the defendant's act as a wrong may be of future consequence to the plaintiff in the matter of upholding the right involved [as where defendant backs water onto plaintiff's land, *Jones v. Water Lot Co.*, 18 Ga. 539 (1855), thus providing a spawning ground for claims of prescriptive rights, *Hendrick v. Cook*, 4 Ga. 241, 262-265 (1948)], a new trial will be granted on the disallowance of nominal damages where such damages ought to have been found; but this strictness does not prevail in cases of contract, the same reason not applying.[1]

"At all events, in this class of cases [contract cases where nominal damages denied by verdict] a reviewing court will not constrain the primary court to grant a new trial in order that mere nominal damages may be recovered."

But there is no doubt that reversal and new trial were required when the failure to award nominal damages was attributable not to verdict of the finder of fact but to the court, as where the jury was charged in effect that not even nominal damages could be awarded unless actual damage was established by the evidence. *Ellington v. Bennett*, 59 Ga. 286 (1877). And this rule prohibiting the court from withdrawing the issue from the jury when

---

[1] Nor in tort cases in general, as illustrated by the affirmance of judgments in personal injury actions where, although liability is clear, the jury did not believe the plaintiff was injured and accordingly found for the defendant. E.g., *Hiter v. Shelp*, 134 Ga. App. 814 (216 SE2d 666) (1975) and cases collected.

properly pleaded was applicable to both tort actions (*Jeter v. Davis*, 33 Ga. App. 733, 734 (3) (127 SE 898) (1925) (personal injury)) and contract cases, even though it appeared that no damages were recoverable other than the nominal damages. *Roberts v. Glass*, 112 Ga. 456 (37 SE 704) (1900) (reversal of order sustaining general demurrer, "even though [plaintiff] was working at a loss when the defendant prevented him from [completing the work contracted for]"); *Addington v. Western & A. R. Co.*, 93 Ga. 566, 568 (20 SE 71) (1894), where it was held: "We do not think it so clearly appeared that [plaintiff] was not entitled to at least nominal damages [for breach of the contract] as to authorize the court to direct a verdict against him. [The jury] would have been authorized by the evidence . . . to find that there was a breach of the contract, and this would have entitled the plaintiff to nominal damages. While the evidence does not seem to afford any basis for the computation of other and further damages, we think it was error, under the circumstances, for the court to direct a verdict. As the jury might have found the plaintiff was entitled to nominal damages, the court had no right to deprive him of his right to recover them. Had the case been submitted to the jury and they had found against the plaintiff generally, it would have been proper to allow the verdict to stand; and even if it plainly appeared that he was entitled to nominal damages only, and the court had refused a new trial, we would not reverse the trial court because of such refusal, it having been repeatedly ruled by this court that a new trial will not be ordered simply to allow a plaintiff an opportunity to recover merely nominal damages. We are not, however, aware of any precedent authorizing the trial court to deprive a plaintiff of his right, in the first instance, to recover such damages. To so hold would put it within the power of trial judges to prevent, in any case, a recovery of nominal damages, and thus render the law authorizing the recovery of such damages practically inoperative." Accord, *Kenny v. Collier*, 79 Ga. 743 (1) (8 SE 58) (1887); *Nicholson v. Williamson*, 29 Ga. App. 692 (116 SE 321) (1922).

While after the advent of the Civil Practice Act this court in at least two instances brought forward the old

rule disallowing nominal damages where only unrecoverable special damages are sued for (*Bennett v. Associated Food Stores*, 118 Ga. App. 711, 716 (165 SE2d 581) (1968); *King v. Cox*, 130 Ga. App. 91, 93 (6) (202 SE2d 216) (1973)),[2] those holdings appear suspect in view of the demise of the old procedural rules concerning issue pleading and the construction of the pleading against the pleader. See *Bendle v. Ortho Mattress, Inc.*, 133 Ga. App. 575, 579-581, supra. Inasmuch as the Civil Practice Act was not taken into account in *Bennett* and *King*, we do not regard them as authority for the proposition that the old rules of pleading damages are still viable under the new procedure; and it would appear that the contrary is true in view of the CPA's relevant provisions. See CPA §§ 8 (a) (1) (B); 8 (e); 8 (f) (Code Ann. § 81A-108 (a) (1) (B); 108 (e); 108 (f), establishing forgiving rules of pleading in general; CPA § 9 (g) (Code Ann. § 81A-109 (g)), singling out special damages as the only item of damages requiring specific statement; CPA § 15 (b) (Code Ann. § 81A-115 (b)), allowing amendment of pleadings to conform to the evidence; and CPA § 54 (c) (Code Ann. § 81A-154 (c)), directing that "every final judgment [except default judgments] shall grant the relief to which the party in whose favor it is rendered is entitled even if the party has not demanded such relief in his pleadings . . ."

See *Kloville, Inc. v. Kinsler*, 239 Ga. 569 (238 SE2d 344) (1977), where the Supreme Court affirmed the denial of the injunctive relief sought but nevertheless remanded "for possible consideration of reformation" which does not appear to have been prayed for; *Kirk v. First Ga. Investment Corp.*, 239 Ga. 171, 174 (236 SE2d 254) (1977),

---

[2] There are other cases applying a similar rule in upholding the direction of a verdict for failure to prove damages (e.g., *Andrews v. Commercial Credit Corp.*, 129 Ga. App. 294 (199 SE2d 383) (1973); *Queen v. Harrell*, 131 Ga. App. 666 (206 SE2d 578) (1974); *Tendrift Realty Co. v. Hayes*, 140 Ga. App. 896 (232 SE2d 169) (1977); *Lingo v. Kirby*, 142 Ga. App. 278 (236 SE2d 26) (1977)), but in those decisions the issue of nominal damages was not considered by the court.

affirming the denial of defendant's motion for summary judgment in a specific performance case "because it does not appear beyond doubt that the [plaintiff] can prove no set of facts in support of a claim for damages," which do not appear to have been prayed for; *Daughtrey v. C & D Sportswear Corp.*, 239 Ga. 482 (238 SE2d 37) (1977), a reversal of a directed verdict for defendant which had been granted by the trial court on the ground that special damages had not been properly proved, the Supreme Court holding that nominal damages, although apparently not prayed for, could be recovered. See also *Empire Banking Co. v. Martin*, 133 Ga. App. 115, 119-20 (210 SE2d 237) (1974); *Mundy v. Cincinnati Ins. Co.*, 141 Ga. App. 106, 110 (6) (232 SE2d 621) (1977); *Housing Authority v. Starcher*, 149 Ga. App. 402, 403 (4) (254 SE2d 515) (1979); *Wallace v. Bleakman*, 131 Ga. App. 856, 857 (3) (207 SE2d 254) (1974).

We think, then, that under the Civil Practice Act it is not necessary to pray specifically for general or nominal damages in order to present a question for the jury as to nominal damages. That is the teaching of *Bendle v. Ortho Mattress, Inc.*, 133 Ga. App. 575, supra, holding under the Civil Practice Act that an allegation of "direct damages in the amount of . . . plus incidental and consequential damages in the further amount of . . ." was an allegation of "general damages" authorizing the recovery of nominal damages so as to render the direction of a verdict error.

But since in *Bendle* the rule is formulated as applying where plaintiff proves a contract, a breach, "and that he has been financially affected thereby," a circumstance which is not necessarily present here, out of an abundance of precaution we pause to consider also what the status of this case would be under the pre-CPA rules. The counterclaim does, in fact, assert that "[a]s a result of plaintiff's failure to repair, the defendant is further entitled to recover general damages in the amount of [$5,000.00]," which are specifically prayed for as "general damages" in addition to the other items of damages sought; and this would be a sufficient pleading even under the prior demurrer practice where, as we noted in *Bendle*, 133 Ga. App. 575, 579, supra, "general and special damages were usually set out eo nomine, and petitions

construed against the pleader."

An illustrative case, and one particularly appropriate here, is *Kenny v. Collier*, 79 Ga. 743, supra. There a tenant sued his landlord for breach of contract in letting the premises to others rather than admitting tenant to possession as the contract required. The declaration "laid the damages at ten thousand dollars," according to the court, and also claimed items of special damage. The landlord demurred to the allegations of damages, whereupon tenant abandoned his claim of special damage. The trial court nevertheless dismissed the action, and the Supreme Court reversed, stating: "[t]he damages abandoned by the [tenant], and those as to which the court sustained the demurrer, were special damages, and after all these were eliminated, the declaration remained intact as to general damages, that is, such as the law implies, or presumes to have accrued from the alleged breach of contract [and the pleading of which, as seen above, authorizes the recovery of at least nominal damages]. Very likely, under our system of pleading, there ought to have been some allegation as to the value of the term from which the plaintiff was excluded by the defendant's wrongful act, but every contract founded on a valuable consideration is presumed to be of some value to the party from whom the consideration moves, and that is sufficient to hold the declaration in court for the recovery of something." *Kenny v. Collier*, 79 Ga. 743, 745-746, supra. Accord, *Nicholson v. Williamson*, 29 Ga. App. 692 (3), supra, where this court held: "there being sufficient evidence to authorize the inference that a contract of rental between the parties had been unlawfully terminated by the defendant, thus entitling the plaintiff to recover nominal damages (*Kenny v. Collier*, supra), and the petition authorizing a recovery therefor, and the case not having been passed upon by a jury, the judgment awarding a nonsuit must be set aside."

Thus under any view which might be taken of the case, we must reverse and order a new trial.

4. None of the cases cited by the landlord on the question of a tenant's contributory negligence or assumption of the risk (e.g., *Mullinax v. Cook*, 115 Ga. App. 201 (153 SE2d 924) (1967)) involves a claim for

diminished rental value, and consequently have no application here.

*Judgment reversed. Banke, J., concurs. McMurray, P. J., concurs in the judgment only.*

ARGUED JULY 12, 1979 — DECIDED NOVEMBER 30, 1979 — REHEARING DENIED DECEMBER 14, 1979 —

*Robert L. Goldstucker, John Cromartie, Elisabeth Youngerman, Philip L. Merkel, Brian Rogal,* for appellant.

*James McCallar, Jr.,* for appellee.